PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2001 Ford Focus struck a hole while her son, Aaron Levinson, was driving on Fifth Avenue in Huntington, Cabell County. Fifth Avenue is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 11:30 p.m. and 1:00 a.m on September 5,2005. Fifth Avenue is a paved, four-lane road with a posted speed limit of thirty-five miles per hour. Mr. Levinson and the three passengers in his vehicle were *136 returning from picking up a friend at a bar on Fourth Avenue. He was driving at the speed limit when his vehicle struck a hole that was five feet long, two feet wide, and six to eight inches deep. Mr. Levinson, a student at Marshall University who resided in the State of Washington at that time, explained that he had driven on this road almost every day during the prior school year. Since claimant had just returned to campus for the start of a new school year, he was not aware of the hole on Fifth Avenue before his vehicle struck it. Aaron Jamieson, a passenger in the vehicle, recalled that he heard a loud “pop,” and Mr. Levinson pulled the vehicle over into a parking lot to see what had happened. Then, they saw the hole in the road. As a result of this incident, claimant’s vehicle sustained damage to its alignment, right passenger wheel, rim, frame, and steering. The total amount of claimant’s damages amounts to $1,100.00, and claimant’s insurance deductible at the' time of the incident was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on Fifth Avenue. The respondent did not present any witnesses at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep't of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and the time of year in which this incident occurred leads the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $500.00.
Award of $500.00.